UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
RICHMOND, VIRGINIA

| | |
|---|---|
| GRAYSON COAL & STONE CO., INC.,<br>P. O. Box 176<br>Grayson, KY  41143,<br><br>    Employer,<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br>P. O. Box 7205<br>London, KY  40742-7205<br><br>    Insurer,<br><br>    Petitioners,<br>v.<br><br>CHARLES ROBERT TEAGUE<br>1707 Davey's Run<br>Grayson, KY  41143,<br><br>    Respondent,<br><br>and<br><br>DIRECTOR, OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS,<br>UNITED STATES DEPARTMENT OF<br>LABOR,<br>200 Constitution Avenue, NW<br>Suite C-3520, NDOL<br>Washington, D.C. 20210<br><br>    Respondent/Party-in-Interest. | Case No.:  15-2079<br>BRB No.: 14-0444 BLA |

**PETITIONERS' MOTION TO SUSPEND BRIEFING SCHEDULE
AND TRANSFER PETITION TO SIXTH CIRCUIT**

  This day comes Petitioners, Grayson Coal & Stone Co., Inc., and Liberty Mutual Insurance Company, by counsel, pursuant to 28 U.S.C. §1631, and respectfully request that this appeal be transferred to the Sixth Circuit for consideration.  Petitioners further request that the

Bristol: 578346-1

briefing schedule be suspended while this Motion is being considered. In support of this Motion, Petitioners would state as follows:

I.

On July 21, 2015, the Benefits Review Board issued a Decision and Order awarding benefits in the above-styled claim. Petitioners filed a timely Petition for Review with this Court on September 14, 2015.

II.

Pursuant to the Fourth Circuit's holding in *Kopp v. Director*, *OWCP*, 877 F.2d 307, 309 (4th Cir. 1989), jurisdiction is appropriate in the Circuit where the miner's coal mine employment occurred. *See also Danko v. Director*, *OWCP*, 846 F.2d 366, 368 (6th Cir. 1988) (the place where the coal mine worker is exposed to coal dust, not the place where the injury manifests itself, is the circuit in which the injury occurred and the circuit in which jurisdiction is proper). Pursuant to 28 U.S.C. §1631:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

III.

In the present claim, the record would reflect that the vast majority of the claimant's employment occurred in the Commonwealth of Kentucky, which is within the jurisdiction of the Sixth Circuit. *See* Transcript of August 6, 2013 Hearing, pp. 14-15. Claimant testified that his last coal mine employment also occurred in the Commonwealth of Kentucky. *See* Transcript of

Claimant's August 2, 2002 deposition, DX 1, pp. 1-552, 554-55. The claimant is a Kentucky resident. It would appear from the record that, out of the 9.22 years of coal mine employment credited by the Administrative Law Judge, Claimant's only contact with the Fourth Circuit was approximately one shift spent working in West Virginia for Little Fork Resources & Development Corporation in 1989. *See* Transcript of Claimant's August 2, 2002 deposition, DX 1, pp. 1-544-45.

IV.

As the vast majority of the claimant's employment, including his last employment, occurred in the Commonwealth of Kentucky, Petitioners respectfully move this Court to issue an Order transferring this Petition for Review to the Sixth Circuit for adjudication. The transfer would be in the interest of justice, as the claimant's contact and exposure were far more substantial in that jurisdiction, and the Sixth Circuit would have the greater interest in hearing the appeal. Petitioners further move the Court to suspend the briefing schedule while this Motion is being considered. The employer has contacted the parties regarding this Motion, and claimant's counsel does not oppose the transfer of this appeal to the Sixth Circuit or the suspension of the briefing schedule while this Motion is being considered. The Director does not oppose the suspension of the briefing schedule during the consideration of this Motion, but does oppose the transfer of jurisdiction to the Sixth Circuit because he maintains that jurisdiction is proper in both the Fourth and Sixth Circuits.

V.

Should this Motion be denied, Petitioners would move pursuant to Rule 26(B) of the Federal Rules of Appellate Procedure and Local Rule 31(C) of the Fourth Circuit Court of Appeals for a 21-day extension to submit its brief and Appendix in this claim. Pursuant to the

Bristol: 578346-1

corrected Order dated October 1, 2015, Petitioners' Appendix and Opening Brief are due in this Court on November 25, 2015. Petitioners noticed on November 23, 2015 that several necessary documents and exhibits were not included in its Appendix. Inclusion of the exhibits will require citations to be renumbered. Given the upcoming Thanksgiving holiday, Petitioners respectfully request that they be granted a 21-day extension to ensure that all citations are properly numbered and the brief is properly formatted. Petitioners have contacted both the claimant and Director and neither party opposes this request.

        Respectfully submitted,

        GRAYSON COAL & STONE CO., INC. &
        LIBERTY MUTUAL INSURANCE
        COMPANY

        By Counsel

PENN, STUART & ESKRIDGE
P.O. Box 2009
Bristol, VA 24203
Phone:  423-793-4803
Fax:      423-793-4843
E-Mail: jsigmond@pennstuart.com

By: */s/John R. Sigmond*
    JOHN R. SIGMOND
    Counsel for Petitioners
    VSB No.:  68658

### CERTIFICATE OF SERVICE

I certify that on November 24, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

        */s/John R. Sigmond*
        *JOHN R. SIGMOND*

Bristol: 578346-1